﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 200102-52477
DATE: October 30, 2020

REMANDED

Entitlement to service connection for a right knee disability as secondary to bilateral pes planus (flat feet) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from January 1979 to January 1982.

This appeal to the Board of Veterans’ Appeals (Board) is from a September 2019 rating decision of a Department of Veterans Affairs (VA) regional office (RO). When appealing that decision to the Board, the Veteran requested “direct review” of the evidence considered by the RO, i.e., by the Agency of Original Jurisdiction (AOJ). Therefore, no additional, including more recent, evidence ordinarily may be considered in deciding the appeal. But when, as here, there are pre-decisional, duty-to-assist, errors it is permissible for the Board to have them corrected before deciding the appeal of this claim.

 

Entitlement to service connection for a right knee disability as secondary to bilateral pes planus (flat feet) is remanded.

The Veteran contends that his right knee disability is secondary to his service-connected bilateral pes planus (flat feet) – meaning caused or aggravated by it. 38 C.F.R. § 3.310(a) and (b).

On September 2019 VA examination, the VA examiner concluded the Veteran’s right knee disability is less likely than not due to or the result of his service-connected bilateral pes planus. However, the examiner did not also provide an opinion on whether the Veteran’s right knee disability alternatively is aggravated by his service-connected bilateral pes planus. 38 C.F.R. § 3.310(b); see also El-Amin v. Shinseki, 26 Vet. App. 136, 140 (2013) (finding that a secondary opinion that addresses a causal relationship, but which does not also address the question of aggravation, is inadequate).

Two opinions are required for secondary-service-connection claims:

1. Is the claimed disorder “caused by” or “due to” the service-connected disability?

AND

2. Is the claimed disorder “aggravated by” the service-connected disability (Allen Aggravation)?

Evidence of baseline disability is necessary to establish entitlement to service connection for aggravation of a nonservice-connected condition by a service-connection condition (regulatory change effective from September 2006). An opinion that something “is not related to” or “is not due to” does not answer the question of aggravation. Allen v. Brown, 7 Vet. App. 439, 448 (1995); 38 C.F.R. § 3.310(b).

 

As such, the September 2019 VA examination report is incomplete since not additionally addressing this alternative theory of entitlement. This is a pre-decisional, duty to assist, error that must be corrected before deciding the appeal of this claim.

Accordingly, this claim is REMANDED for the following additional action:

Obtain an addendum medical opinion concerning the etiology of the Veteran's right knee disability. All relevant evidence, including a complete copy of this remand, must be reviewed by the examiner. 

The examiner should provide an opinion on the following:

Even if, as the prior examiner September 2019 VA examiner concluded, the Veteran’s service-connected bilateral pes planus is not the cause of his right knee disability, is it alternatively at least as likely as not (a 50% or better probability) that his service-connected bilateral pes planus aggravates his right knee disability? 

*The prior opinion only addressed causation so needs to additionally address whether there alternatively is aggravation.

 

*The examiner must also remain mindful that a rather recent precedent case clarified that secondary service connection does not require “permanent” worsening of the condition being claimed by the service-connected disability; rather, any incremental increase in disability is sufficient, even if not beyond the condition's natural progression. See Ward v. Wilkie, 31 Vet. App. 233 (2019).

 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. Poindexter

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.